Case 4:16-cv-02655   Document 13   Filed in TXSD on 02/10/17   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 10, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDGAR JOSIAS VASQUEZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-16-2655 |
| | § | |
| LORIE DAVIS, | § | |
|     Director of the Texas Department | § | |
|     of Criminal Justice - Correctional | § | |
|     Institutions Division, | § | |
|         Respondent. | § | |

## **MEMORANDUM A ND RECOMMENDATION**

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 2). The court recommends respondent's motion for summary judgment be granted and the petition be denied with prejudice as time-barred.

### **Background**

On June 17, 2009, petitioner Vasquez pled guilty to the charge of possession of a controlled substance with intent to deliver in the 337th District Court of Harris County, Texas after the trial court denied his motion to suppress evidence on grounds that the arresting officer exceeded the time necessary to handle the matter for which the traffic stop was made. The court sentenced him to 35 years in prison. Vasquez appealed his conviction on the grounds that the trial court erroneously denied his motion to suppress. The Fourteenth Court of Appeals affirmed the conviction on November 4, 2010. His petition for discretionary review to the Texas Court of Criminal Appeals was denied on June 21, 2011.

Vasquez, through counsel, filed an application for writ of habeas corpus in state court

on May 4, 2016 asserting that he was not given a full and fair hearing on his fourth amendment claim because the appellate court did not have the benefit of the Supreme Court's decision in *Rodriguez v. U.S.*, 135 s. C. 1609 (2015) at the time it affirmed his conviction. The trial court made a finding that fourth amendment claims are not cognizable on habeas review. Dkt. 12-7 at 39-41. On August 24, 2016, the court of criminal appeals denied Vasquez's habeas petition on the findings of the trial court without hearing. Dkt. 12-6 at 1. Vasquez filed this federal petition for writ of habeas on August 31, 2016.

**Analysis**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Vasquez argues his statute of limitations is governed by 28 U.S.C. § 2244(d)(1)(C), and did not begin running until the Supreme Court decided *Rodriguez* on April 21, 2015. However, *Rodriguez*, does not newly recognize a constitutional right, nor does it make such right retroactively applicable to cases on collateral review. As petitioner recognizes, (Dkt. 3 at 3), *Rodriguez* merely applies settled precedents as set out in *Illinois v. Caballes*, 543 U.S. 405 (2005), and does not alter precedents in any material way.[1] *See Perez v. Dowling*, 634 F. App'x 639, 643 (10th Cir. 2015).

Therefore, Vasquez's one-year statute of limitations under AEDPA expired on August 16, 2012. His state habeas application did not toll his limitations period because it was filed in May, 2016. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). There is no other basis for statutory or equitable tolling of the statute of limitations.

**Conclusion and recommendation**

For the reasons stated above, the court recommends that Vasquez's federal petition for habeas corpus relief be denied with prejudice as time-barred.

The court further finds that Vasquez has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

---

[1] In addition, the Fifth Circuit never recognized the "de minimis" exception rejected by *Rodriguez. See, U.S. v. Pena-Gonzalez*, 618 F. App'x 195, 197-98 n.4 (5th Cir. 2015). It appears the state appellate court applied correct legal standards, as recognized in *Rodriguez*, when reviewing Vasquez's appeal. *See Vasquez v. Texas*, 324 S.W.3d 912, 924 (Tex. App. -- Houston [14th Dist.] 2010, pet ref'd) (Dkt. 12-7 at 58-59). Thus, Vasquez's petition would likely be subject to denial on the merits.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on February 10, 2017.

Stephen Wm Smith
United States Magistrate Judge